LOTTINGER, Judge
(dissenting).
Continental Southern Lines, Inc., filed a rule for ejectment against F. C. Caldwell, its tenant under a written lease. From judgment below in favor of petitioner, defendant has filed this appeal.
The petitioner operated a bus line in Louisiana and elsewhere, and owned a lot of ground and bus terminal in the town of Leesville, Louisiana. During January, 1951, the plaintiff entered into a written agreement with the defendant, Caldwell, whereby the latter agreed to act as petitioner’s Leesville agent for the sale of tickets, handling of express, etc., and also entered into a lease, with the defendant, of its terminal station in Leesville. Both contracts were in writing. On March 26, 1951, the petitioner gave written notice to defendant that it elected to cancel the agency agreement and the lease as of March 31, 1951, and upon the defendant refusing to surrender the leased premises, the petitioner filed eviction proceedings under LSA-R.S. 13.4918 et seq. An exception of prematurity was filed to the eviction proceeding, which exception was referred to the merits. Defendant then filed an answer and reconventional demand. On trial on the merits, the lower court rendered judgment in favor of petitioner making the rule for eviction absolute, and the reconventional demand of defendant was dismissed as of nonsuit. Defendant appeals.
The agency agreement and the lease agreement were to run concurrently. For purposes of this suit, the pertinent portions of the agency agreement are as follows :
“12. It is understood that the Agent herein has signed a lease with Continental Southern Lines, Inc., on the same day and date as this contract, and has agreed to rent property belonging to that corporation in Leesville, Vernon Parish, Louisiana; and it is agreed that the lease and this contract are to run concurrently. Should the lease be terminated by either party, the Company reserves the right and the Agent is granted the right to cancel this contract upon written notice from one party to the other.”
“3. The term of this agreement shall be for one (1) year beginning the 1st. day of January, 1951 and ending on the 31st. day of December, 1951, but shall remain in effect without the necessity of being renewed in writing, and shall continue in effect from year to year unless written notice is given by one party to the other of its desire to cancel. Should either party desire to cancel it shall give notice in writing to the other of its intention thereof, and the cancellation shall be effective immediately.”
“4. It is a condition of this agreement that the Company only shall have the sole right to load and unload passengers and their baggage in its usual bus operations at the Agent’s location, and in the event that at any time during the term of this agreement the Company’s privilege in this respect, including the privilege to park vehicles used in common carrier services to the extent necessary to conduct operations to or from said location, is restricted, denied or prevented, whether by municipal, state or federal law, ordinance or decree, or otherwise, the Company shall have the right to forthwith terminate this agreement.”
The pertinent parts of the lease, insofar as this suit is concerned, are as follows:
“(1). The term of this lease shall he for one month, beginning January 1, 1951, and ending on the 31st, day of January, 1951, but shall remain in effect without the necessity of being renewed in writing and shall continue in effect from month to month unless written notice is given by one party to the other of its desire to cancel. *417 Should either party desire to cancel the lease, is shall be encumbent upon it to give notice in writing to the other ten (10) days prior to the first day of any automatic monthly renewal.”
“(12). It is understood that the Lessee has signed an agreement as Commission Agent with Continental Southern Lines, Inc. and has agreed to represent that corporation in Leesville', Vernon Parish, Louisiana. The commission agency agreement, dated January 1, 1951, and this lease are to run concurrently. Should the commission agency contract be terminated by either party, the Lessor herein reserves and the Lessee herein is granted the right to cancel this lease upon written notice from one party to the other.”
The petitioner claims that the agency agreement provides for its cancellation at any time at the will of the parties, and that the written notice of March 26, 1951, was sufficient to cancel the agency as of March 31, 1951. It further contends that the cancellation of the agency agreement cancelled the lease.
I agree that cancellation of the agency agreement would be a valid cause for cancellation of the lease at any time. However, I do not agree that the agency agreement could be cancelled at the will of the parties, at least during the first year. Agency agreement definitely states that the term of the agreement is for one year, from January 1st, 1951 to December 31, 1951. Certainly this clause has some effect, and the only effect it could possibly have would be exactly what it plainly says. Petitioner would have us disregard all of paragraph 3 of the agency agreement which is quoted above, except the last sentence thereof. Furthermore, paragraph 4 of the agreement, together with other portions of the agreement, which are not quoted above imposes certain duties and obligations upon the agent the breach of which would be cause for cancellation of the agreement. Under the petitioner’s interpretation, there would be no need whatsoever 'for a written agreement, and all the conditions imposed upon the defendant in the agreement would be for naught.
Article 1945 of the Louisiana Civil Code provides that the intent of a written agreement is to be determined by the words of the contract, when the words are clear and explicit and lead to no absurd consequences. The courts of this state have long held that the parties to written agreements intend that which by the terms of the contract is manifest. Salmen Brick Lumber Co. v. Owen, 10 La.App. 326, 121 So. 201. Furthermore, the courts have held that parties do not make use of words in their contracts which are meaningless. Rolland’s Heirs v. McCarty, 19 La. 77.
Paragraph 3 of the agency agreement clearly states that the period of the agreement is for one year. Clearly; the agreement could not be cancelled during that year unless for just cause. Said paragraph further provides for renewal of said agency from year to year, however, it is clear that, during any renewal period, the agreement might be cancelled by written notice. To place any other interpretation on Paragraph 3 would render no effect to other clauses of the agreement which set forth causes for cancellation of the agreement.
The written notice of cancellation of the agency agreement was without cause. As the parties were without right to cancel said agreement during the first year, I hold that the notice of cancellation was contrary to the wording and intention of the agreement and was, therefore, of no effect.
The lease, on the other hand, was for a period of one month, beginning January 1, 1951, and ending on January 31, 1951. The lease was to run on a month to month basis without the necessity of formal renewal. The lease provided for cancellation upon ten days’ written notice. The ten day notice, however, had to be ten days prior to the first day of any automatic monthly renewal. It is, therefore, clear that the lease could be cancelled at the end of any month provided that the ten day written notice was given.
In the case presented, the notice of cancellation of the agency agreement and the notice of cancellation of the lease were both dated March 26, 1951. Said notice was not *418 sufficient to cancel the agency agreement because said agreement could not be can-celled without cause during the first year term. The notice relative to cancellation of the lease was not sufficient to cancel the lease as of March 31, 1.951, because cancellation of the lease required ten days’ written notice. It is therefore my opinion that neither of the notices was sufficient to cancel either agreement as of March 31, 1951.
I believe that there is no doubt but that the lease and agency agreement were to run concurrently. Cancellation of one would be sufficient cause for cancellation of the other. However, there was no just cause for cancellation of the agency agreement. The' agency agreement could not be cancelled during the primary term, except for cause and one of the causes would be the cancellation of the lease. On the other hand, the lease could be cancelled at the end of any month, provided that ten day prior notice thereof was given. Although I believe that the notice given on March 26, 1951, was not sufficient to cancel the lease as of March 31, it is my opinion that such notice was sufficient to cancel the lease as of April 30, 1951. Valid cancellation of the lease as of April 30, 1951, would constitute sufficient cause to cancel the agency agreement as of April 30, 1951.
It is therefore my conclusion that the notices forwarded were sufficient to cancel both the agency and lease agreements as of April 30, 1951. Under no interpretation of either contract could the cancellation of either have 'been effective as of March 31, 1951.
The eviction proceeding was filed on April 12, 1951. Defendant’s exception of prematurity was filed on April 19, 1951, and judgment on the merits was rendered on April 26, 1951. Each of said acts were performed while both agreements were in full force and effect. Under no stretch of the imagination could either of the contracts have been cancelled on March 31, 1951. It is clear that the exception of prematurity filed by defendant should have been maintained and the eviction proceeding should have been dismissed.
For the above and foregoing reasons, I respectfully dissent from the majority opinion.